## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

City of Virginia Beach

    v.

Virginia Marine Resources
Commission et al.

May 19, 1982

Case No. (Chancery) C81-2366-A

### By JUDGE BERNARD G. BARROW

This is an appeal from the Virginia Marine Resources Commission. It raises the question: Does a subdivision plat filed April 7, 1951, prior to adoption of a local subdivision ordinance, exempt property included on it from the application of the Wetlands Act?

On September 15, 1981, the Wetlands Board of the City of Virginia Beach denied an application of the defendants, Bruce G. and Lou Ann Murphy ("Owners"), for a permit to fill approximately 1600 square feet of marshland on Long Creek in Virginia Beach. On appeal the Virginia Marine Resources Commission ("Commission") determined that the property was exempt from the Wetlands Act by virtue of one of the provisions of § 62.1-13.20 of the Virginia Code. This provision excludes from the application of the Wetlands Act any project or development for which, prior to July 1, 1972, ". . . a plan or plan of development . . . has been filed pursuant to ordinance or other lawful enactment with either an agency of the Federal or State Government, or with either the Planning Commission, Board of Supervisors, or City Council of the jurisdiction in which the project or development is

located. . . ." Va. Code § 62.1-13.20 (1973) (effective July 1, 1972).

The Owner's subdivision plat was received with a deed and admitted to record April 7, 1951, in the Clerk's Office of this court. See Plaintiff's Exhibits 1A and 1B. It is a surveyor's plat and shows the boundaries of 295 separate parcels or lots interspersed with 50 foot strips marked with names of streets. *Ibid*. The Owners contend and the Commission found that this plat is a "plan or plan of development" as used in § 62.1-13.20.

The term "plan of development", is not defined but is used in at least one other provision of the Virginia Code. Section 15.1-491(h) allows local zoning ordinances to provide ". . . for the submission and approval of a *plan of development* prior to the issuance of building permits to assure compliance with regulations contained in such zoning ordinance." (Emphasis added). Va. Code § 15.1-491 (1981). It was in effect when the Wetlands Act was adopted. See 1968 Va. Acts, ch. 595.

Thus, it is reasonable to conclude that the language "plan or plan of development" contained in Sec. 62.1-13.20, the exemption to the Wetlands Act, was intended to include a "plan of development" required by a local zoning ordinance to be submitted and approved prior to issuing building permits. However, the Owners' subdivisions plat is not a plan of development filed pursuant to a local zoning ordinance; therefore, if it is a "plan of development" referred to in the exemption to the Wetlands Act, it must be so for some other reason.

A decision by the Supreme Court, occurring only months after enactment of the Wetlands Act, supports the conclusion that a "plan of development" described in § 15.1-491(h) is a "plan of development" as contemplated in § 62.1-13.20 and suggests by implication an additional theory by which such a "plan" may be defined. In that case the Court observed:

> In recent years some localities have enacted ordinances requiring the filing of a site plan in order to obtain a building permit. Under current planning practice in many urban localities, the site plan has

virtually replaced the building permit as the most vital document in the development process. Every site plan submitted under the Fairfax County Zoning Ordinance . . . must contain, among other things, topographical maps, surveys, engineering studies and proof of notice to landowners in the vicinity. The filing of such a plan creates a monument of the developer's intention, and when the plan is approved, the building permit, except in rare situations, will be issued. *Fairfax County v. Medical Structures, Inc.,* 213 Va. 355, 357-58 (1972).

The Court found that a special use permit had been granted under a zoning classification, that a bona fide site plan had thereafter been filed and diligently pursued, and that substantial expense had been incurred. It held under those circumstances that the owner had a vested right to use the land in the manner described in the use permit and could not be deprived of that use by subsequent zoning legislation. *Id.* at 358.

The site plan described by the Supreme Court was a "plan of development" as described in § 15.1-491(h) of the Virginia Code. By exempting projects for which a plan of development had been filed prior to July 1, 1972, the legislature was apparently recognizing what the court observed only months later. In localities where ordinances had been enacted requiring a site plan to be filed in order to obtain building permits, the site plan had become the most vital document in the development process; it created a clear and unequivocal "monument to the developer's intention," and represented substantial investment.

Similarly, it may be contended that a document is tantamount to a "plan of development" if it is filed pursuant to law, diligently pursued and represents (1) "a monument to the developer's intention" to use the land in a specific manner and (2) a substantial expense having been made in good faith. cf. Opinion of the Attorney General to the Hon. James E. Douglas, Jr., April 18, 1973, 1972-73 Op. Att'y Gen. 513. (subdivision plat filed as required by local subdivision ordinance exempts platted area).

However, this contention need not be addressed in this case unless the plat in question is of such dignity, that is, unless it represents a monument to a developer's intention to use the land in a specific manner and the investment of substantial expense in diligent pursuit of that intention. The nature of the plat and the purpose of its recordation is revealing.

When the plat was recorded state law did not require localities to enact subdivision ordinances, and Princess Anne County, which is now a part of the City of Virginia Beach, did not enact such an ordinance until December 22, 1952. See Plaintiff's Exhibit 2. Therefore, the plat in question was not required to comply with any subdivision ordinance since none was in effect when it was recorded.

It is simply a surveyor's plat showing the boundaries of 295 parcels or lots along with various 50 foot strips marked with street names. It does not provide for the dedication of any rights of way; nor does it provide any of the commitments required under a subdivision ordinance, such as coordination of streets, adequate provisions for drainage, flood control, light, air, or other public purposes, the extent to which and the manner in which streets are to be graded, graveled, or otherwise improved, and the manner and extent of installation of storm, sewer, and other public utilities, or other community facilities.

This plat was only a schematic representation of land divided or to be divided and had no purpose other than to facilitate the transfer of ownership of the land within the plat. See § 15.1-430(l) and (n) Va. Code (1981). This plat does not express the developer's intention to use the property in any specific manner. Some of the lots may have been intended for residential use, while others may have been intended for various types of business use or open space. This plat does not represent a substantial expense having been incurred, nor does it reflect any commitments by the developer which would justify a finding that any right to any specific use had become vested. The developer could have vacated the plat, resubdivided the property, or conveyed all or part of the parcels identified on it.

If this plat is sufficient to exempt the Owner's property from the Wetlands Act, consistency would then require all property which has been the subject of any recorded subdivision plat, even one dividing a single parcel into two parcels, to be given the same stature. Such an interpretation would effectively undermine the legislature's goal of preserving wetlands and preventing their despoliation and destruction.

The Owner's plat is not a "plan of development" submitted in accordance with a zoning ordinance adopted pursuant to § 15.1-491. It is also not equivalent, to such a plan of development since it does not express the developers' intended use of the property nor does it represent a substantial expense having been incurred. Therefore, the plat is not a plan or plan of development which would exempt this property from application of the Wetlands Act under the terms of § 62.1-13.20 of the Virginia Code.

The decision of the Commission should, therefore, be reversed, and this case should be remanded for further proceedings.